Leonard J. Supple, J.
This is a motion to compel the purchaser upon a sale in foreclosure to complete his purchase. The purchase is resisting on the basis that defects in the service of process in this action rendered title unmarketable.
Courts will not compel the purchaser upon a judicial sale to accept a title that is not marketable and, in passing upon the marketability of title, the court will bear in mind that, unless the claimant is before the court, any adjudication resolving a doubtful question of law or fact is not binding upon such absent claimant (Fleming v. Burnham, 100 N. Y. 1).
Service upon the United States of America was not made upon the Attorney General of the United States as required by section 2410 of title 28 of the United States Code and the purchaser contends that neither the appearance of said defendant in the action by the United States Attorney for the Southern District of New York, nor the subsequent consent of the same attorney to the entry of the foreclosure judgment, cured the defect. In view of the disposition to be made of the purchaser’s second objection to title, this first objection will not be further explored.
The defendant Andrew Bartlik defaulted in appearance and the sufficiency of the service upon him rests upon compliance with CPLR 308 (subd. 3). The original affidavit of service and a supplemental service affidavit filed herein, with the court’s permission nunc pro tunc after the entry of judgment, reveal that the process server went to the Port Chester residence where the defendant Andrew Bartlik and his wife, the defendant Joan Bartlik, used to live, that after several calls he found Mrs. Bartlik at home, that she told him her husband had left her and she did not know where he was. There is a recitation the process server made “ further inquiry” but there is no recitation as to what further inquiry was actually made. Service was effected by leaving a copy of the process with Mrs. Bartlik *1045 and by the mailing of a copy thereof to the Port Chester residence.
It should be noted that CPLR 308 (subd. 3) requires that a copy of process be either affixed to, or left with a person at the “ dwelling house ” or “ usual place of abode ” and also requires the mailing of a copy of such process to the defendant at his “ last known residence ”. Cases in other jurisdictions have distinguished the latter phrase from the former two phrases by holding that the phrase “last known residence” means the last one that is known to plaintiff, whether or not it is in fact the residence at the time of service, whereas the former two phrases have been held to mean the actual dwelling place or usual place of abode of the defendant at the time of service (see Ann. 127 A. L. B. 1267).
The process server’s affidavits indicate that, at the time service was made here on the defendant Andrew Bartlik, he had every reason to think the defendant no longer lived there and that there was no reasonable basis for believing the copy of the process left there would ever reach the defendant. We are cautioned to adhere less strictly to form and give greater recognition to reality (Marcy v. Woodin, 18 A D 2d 944, 945). The realities here dictated that some further effort should have been made to determine the whereabouts and residence of the defendant Andrew Bartlik so that the method of service used would be reasonably calculated to give actual notice (Hiller v. Burlington & Missouri Riv. R. R. Co. in Neb., 70 N. Y. 223, 227). The validity of the service of process on the defendant Andrew Bartlik involves doubtful questions of law and fact and title is, therefore, not marketable. The defendant Andrew Bartlik may, at some later time, litigate this precise question (CPLR 317) and no disposition made here can foreclose his rights (Fleming v. Burnham, supra).
Accordingly, the motion will be denied.